ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES<br><br>V.<br><br>JUNTA DE DIRECTORES DEL CONDOMINIO TORRE DE ORO y/o CONSEJO DE TITULARES DEL CONDOMINIO TORRE DE ORO; JUAN CARLOS NIEVES, KARLA O. PÉREZ GONZÁLEZ, LOURDES COLONDRES ROSADO | KLRA202400237 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Recurso Naturales y Ambientales<br><br>Caso Núm.: 23-285-A<br><br>Sobre: Ley para la Conservación, el Desarrollo y Uso de los Recursos de Agua de PR |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de mayo de 2024.

Comparece ante *nos*, Carlos W. Santiago (recurrente), tesorero de la Junta de Directores del Condominio Torre de Oro, y nos solicita que revisemos la *Notificación y Orden* emitida el 22 de abril de 2024 y notificada el 23 de abril de 2024, por el Departamento de Recursos Naturales y Ambientales (DRNA). Mediante dicho dictamen, el DRNA, entre otras cosas, le ordenó al recurrente realizar gestiones con la Autoridad de Acueductos y Alcantarillados (AAA) para conectar el servicio de agua.

Sin necesidad de trámite ulterior y por los fundamentos que expondremos a continuación, se *desestima* el recurso de revisión judicial por falta de jurisdicción.

**I.**

Surge del expediente ante *nos*, que el DRNA presentó una *Querella* en contra del Condominio Torre de Oro (Condominio) y el Consejo de Titulares del Condominio Torre de Oro (Consejo de

Número Identificador

SEN2024_____

Titulares). En esencia, el DRNA solicitó una orden de cese y desista por el aprovechamiento de aguas del pueblo de Puerto Rico sin contar con una franquicia para esos fines. Consecuentemente, se le impuso tres (3) boletos por la cantidad de $500.00 cada uno, por las tres (3) ocasiones en que los vigilantes visitaron el lugar y encontraron que el condominio continuaba usando las aguas del pueblo de Puerto Rico sin tener una franquicia, a pesar de haber sido advertidos de que estaban cometiendo una violación a la reglamentación existente.

Luego de varios incidentes procesales, el 11 de abril de 2024, se llevó a cabo una Vista Administrativa. Posteriormente, el 22 de abril de 2024, el DRNA emitió una *Notificación y Orden* mediante la cual le ordenó a la parte recurrente, entre otras cosas, que en el término de treinta (30) días lograra las gestiones con la AAA para el servicio de agua.

Inconforme, el 13 de mayo de 2024, la parte recurrente acudió ante *nos* mediante un recurso de revisión judicial. Indicó que la propuesta de la Oficial Examinador de que sacaran la franquicia y continuaran usando el agua del DRNA, es contraria a derecho. Sostuvo, además, que cumpliendo con la *Notificación y Orden* fue citado por la AAA para una orientación de agua, luego de pagar la deuda. Añadió que, la AAA tiene que realizar una investigación y que la misma excede el tiempo concedido por el DRNA en la *Notificación y Orden.*

**II.**

**A. Jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *RB Power, Inc. v. Junta de Subastas de la ASG PR*, 2024 TSPR 24, 213 DPR ___ (2024). Véase, además, *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions, LLC. v. Mun. de Yabucoa*, 210 DPR

384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions, LLC. v. Mun. de Yabucoa, supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción "trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*". *MCS Advantage, Inc. v. Fossas Blanco y otros*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado,* 172 DPR 216, 222 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003); *Autoridad Sobre Hogares v. Sagastivelza,* 71 DPR 436, 439 (1950). Al hacer esta determinación,

debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage, Inc. v. Fossas Blanco y otros, supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 683 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 264 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854, 859-860 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et al. v. R.F. Mortgage and Investment Corp.*, 182 DPR 86, 97 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

## B. Perfeccionamiento del recurso de revisión

El perfeccionamiento del recurso de revisión está regulado en la Parte VII del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 59 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone que:

Contenido del recurso de revisión

[...]

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También,

una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[...]

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o motu proprio, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.

La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso.

El Tribunal Supremo de Puerto Rico señaló en *Morán v. Martí,*

165 DPR 365, 366 (2005), la necesidad de discutir y fundamentar

los errores que se imputan al foro de instancia. Allí explicó que el promovente del recurso tiene la obligación de poner en posición al foro apelativo de aquilatar y jurisprudenciar el error señalado. Así pues, nuestro máximo Foro reconoció que "solamente mediante un señalamiento de error y una discusión, fundamentada, con referencia a los hechos y a las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que le plantean". Además, señaló como más importante que "el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo". Íd.

Así, toda la reglamentación aplicable a los diversos recursos apelativos requiere que el escrito contenga un señalamiento breve y conciso de los errores que a juicio del promovente cometió el foro recurrido. H. Sánchez Martínez, *Práctica Jurídica de PR, Derecho Procesal Apelativo*, Ed. LexisNexis de PR Inc., Hato Rey, PR, (2001), pág. 294. El cumplimiento de esa exigencia es importante porque el tribunal apelativo está obligado a considerar solamente los errores que el promovente señaló específicamente. Íd. No obstante, esa omisión no es fatal, si el litigante de facto alude de otro modo al error contenido y lo discute en su alegato. Íd.

## C. Incumplimiento con el Reglamento del Tribunal de Apelaciones

En lo pertinente, la Regla 83 (C), 4 LPRA Ap. XXII-B, del Reglamento del Tribunal de Apelaciones dispone que este foro podrá *motu proprio*, en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico.

Las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. *M-Care Coumpounding et al v. Dpto. de Salud,* 186 DPR 159-176 (2012); *Pueblo v. Rivera Toro,* 173 DPR 137, 144 (2008). Así, el incumplimiento con las disposiciones reglamentarias concernientes al contenido, forma y presentación de los recursos podría implicar que sean desestimados. *Pueblo v. Valentín Rivera,* 197 DPR 636 (2017).  Por lo tanto, conforme ha resuelto nuestro máximo Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti, supra.*

Así pues, la aplicación flexible del reglamento solo procede en situaciones muy particulares, en las cuales tal flexibilidad está plenamente justificada. El Tribunal Supremo de Puerto Rico reconoció que el reglamento debía aplicarse flexiblemente, cuando se incumple con un requisito de forma de menor importancia. *Arriaga v. FSE,* 145 DPR 122, 130 (1998). Asimismo, en *Febles v. Romar,* 159 DPR 714 (2003), el Tribunal Supremo de Puerto Rico advirtió que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".

**III.**

En el caso de epígrafe, el recurso presentado por la parte recurrente no es revisable. La parte recurrente incumplió sustancialmente con los requisitos reglamentarios para su perfeccionamiento, necesarios para que podamos asumir jurisdicción y atenderlo. Es decir, la parte recurrente incumplió con el Reglamento del Tribunal de Apelaciones, al no incluir un señalamiento de error breve y conciso de los errores que a su juicio

cometió el foro administrativo. Tampoco realizó una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso. Además, no discutió los errores que imputa a la agencia administrativa, ni incluyó las disposiciones de ley y la jurisprudencia aplicable en la que está fundamentada su solicitud de revisión.

Asimismo, la parte recurrente no incluyó una discusión basada en fundamentos de hecho y derecho cuestionando la decisión de la agencia. Tal omisión, imposibilita que podamos aquilatar de forma adecuada la determinación de ese foro.

En fin, la ausencia de un señalamiento de error breve y conciso, de una relación fiel de los hechos procesales, de una discusión basada en fundamentos de hecho y de derecho, junto a la falta de la disposición legal aplicable, nos privan de jurisdicción para atender el recurso.

**IV.**

Por los fundamentos antes expuesto, se *desestima* el recurso de revisión judicial por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Juez Brignoni Mártir concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones